# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER LOUIS PELDO | |
| Plaintiff, | Case No. 1:15-cv-06305 |
| v. | Hon. Thomas M. Durkin |
| | Magistrate Judge Sidney I. Schenkier |
| RUSHMORE LOAN MANAGEMENT SERVICES, LLC | |
| Defendant. | |

| | |
|---|---|
| Nathan C. Volheim ARDC #6302103<br>CONSUMER LAW PARTNERS, LLC<br>Attorney for Plaintiff<br>435 N. Michigan Ave., Suite 1609<br>Chicago, IL 60611<br>(267) 422-1000 | Amy Sabbota Gottlieb ARDC #6270542<br>DICKINSON WRIGHT PLLC<br>Attorney for Defendant<br>2600 West Big Beaver Rd. Suite 300<br>Troy, MI 48084<br>(248) 433-7286<br>agottlieb@dickinsonwright.com<br><br>Gregory C. Elsnic<br>LAW OFFICES OF IRA T. NEVEL, LLC<br>Attorney for Defendant<br>175 N. Franklin St., Suite 201<br>Chicago, IL 60606<br>(312) 357-1125<br>GregE@nevellaw.com |

## RUSHMORE LOAN MANAGEMENT SERVICES, LLC'S
## ANSWER TO COMPLAINT

Defendant Rushmore Loan Management Services, LLC ("Rushmore"), by and through its attorneys, Dickinson Wright PLLC, for its answer to Plaintiff's Complaint, states as follows:

## NATURE OF THE ACTION

1.     Chris brings this action as a consumer to secure redress from unlawful collection practices engaged in by Defendant. Chris alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C.2§1692 et seq. ("FDCPA), the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a ("ICFA").

**ANSWER: Rushmore has insufficient knowledge to admit or deny the allegations of Paragraph 1 and therefore neither admits nor denies the same but demands strict proof thereof.**

## JURISDICTION AND VENUE

2.     This action arises under and is brought pursuant to the FDCPA, TCPA and ICFA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331, 1337, as this action arises under the laws of the United States, and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

**ANSWER:** **Paragraph 2 states a legal conclusion to which no response is required. To the extent a response is required, Rushmore admits that this Court has jurisdiction over the claims alleged in the Complaint.**

3.      Venue and jurisdiction are proper in this Court pursuant to 28 U.S.C. §1391 because Defendant conducts business in the Northern District of Illinois and Defendant's illegal collection practices impacted Chris within the Northern District of Illinois.

**ANSWER:** **Rushmore admits only that it conducts business in the Northern District of Illinois, and expressly denies that it engaged in any illegal collection practices. The remaining allegations of Paragraph 3 state legal conclusions to which no response is required. To the extent a response is required, Rushmore admits that venue and jurisdiction are proper in this Court based on the claims alleged in the Complaint.**

## PARTIES

4.      Chris is natural person and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

**ANSWER:** **Paragraph 4 states legal conclusions to which no response is required. To the extent a response is required, Rushmore has insufficient knowledge to admit or deny the allegations of Paragraph 4 and therefore neither admits nor denies the same but demands strict proof thereof.**

3

5. At all times relevant to this action, Defendant was and is a limited liability company with its principal place of business at 15480 Laguna Canyon Road, Irvine, California. In most circumstances, including the instant case, Defendant acts as a mortgage servicer on accounts that are in default at the time they begin servicing the loan.

**ANSWER: Rushmore admits only that it is a limited liability company with its headquarters located at 15480 Laguna Canyon Road, Irvine, California and that it is a mortgage servicer for the subject loan. Rushmore denies the remaining allegations in Paragraph 5.**

6. Defendant is "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

**ANSWER: Paragraph 6 states a legal conclusion to which no response is required. To the extent a response is required, Rushmore admits only that it has used various communication techniques to collect, or attempt to collect, payments on accounts in which it has an interest.**

7. At all times relevant to this complaint, Defendant was collecting on a consumer debt as defined by 15 U.S.C. §1692 a(5).

**ANSWER: Paragraph 7 states a legal conclusion to which no response is required. To the extent a response is required, Rushmore has insufficient**

knowledge to admit or deny the allegations of Paragraph 7 and therefore neither admits nor denies the same but demands strict proof thereof.

## FACTS SUPPORTING CAUSES OF ACTION

8.     On August 27, 2007, Plaintiff and his ex-wife, Paige Dorman, executed a mortgage and note to secure the purchase of a parcel of real property located at 2012 W. Willow Street, #B, Chicago, Illinois ("subject real estate"). See attached Exhibit A is a true and correct copy of the mortgage and note executed by Plaintiff.

**ANSWER: Rushmore admits only that Exhibit A speaks for itself. To the extent that the allegations of Paragraph 8 contradict Exhibit A, Rushmore denies those allegations.**

9.     The consumer loan used to fund the purchase of the subject real estate was obtained from Wells Fargo Home Mortgage ("Wells Fargo") in the amount of $508,800.00 ("subject consumer debt"). See Exhibit A.

**ANSWER: Rushmore admits only that Exhibit A speaks for itself. To the extent that the allegations of Paragraph 9 contradict Exhibit A, Rushmore denies those allegations.**

10.     The subject real estate was purchased as Plaintiff s primary residence.

**ANSWER: Rushmore has insufficient knowledge to admit or deny the allegations of Paragraph 10 and therefore neither admits nor denies the same but demands strict proof thereof.**

11. Because of a downturn in the real estate market, the subject real estate decreased significantly in value. As a result, Plaintiff decided that keeping the subject real estate was no longer financially justifiable.

**ANSWER: Rushmore has insufficient knowledge to admit or deny the allegations of Paragraph 11 and therefore neither admits nor denies the same but demands strict proof thereof.**

12. In March 2013, Plaintiff stopped making payment to Wells Fargo which caused him to default on the subject consumer debt.

**ANSWER: Rushmore has insufficient knowledge to admit or deny the allegations of Paragraph 12 and therefore neither admits nor denies the same but demands strict proof thereof.**

13. In response to defaulting on the subject consumer debt, Chris filed for bankruptcy protection on May 10, 2013.

**ANSWER: Rushmore has insufficient knowledge to admit or deny the allegations of Paragraph 13 and therefore neither admits nor denies the same but demands strict proof thereof.**

14.     Chris caused to be filed a Chapter 13 petition in the United States Bankruptcy Court, Northern District of Illinois, under case number 13-20022, invoking the protections of the automatic stay pursuant to 11 U.S.C. §362.

**ANSWER: Rushmore has insufficient knowledge to admit or deny the allegations of Paragraph 14 and therefore neither admits nor denies the same but demands strict proof thereof.**

15.     On his bankruptcy schedule D, Chris listed Wells Fargo as a secured creditor.

**ANSWER: Rushmore has insufficient knowledge to admit or deny the allegations of Paragraph 15 and therefore neither admits nor denies the same but demands strict proof thereof.**

16.     By virtue of Chris listing Wells Fargo as a creditor, the Bankruptcy Noticing Center ("BNC") sent them a notice of the bankruptcy filing. See attached Exhibit B is a true and correct copy of the Certificate of Notice executed by the BNC establishing service of the notice of bankruptcy filing on Wells Fargo.

**ANSWER: Rushmore admits only that Exhibit B speaks for itself. To the extent that the allegations of Paragraph 16 contradict Exhibit B, Rushmore denies those allegations.**

17.     On May 21, 2013, attorney Andrew J. Nelson of Pierce & Associates, P.C. filed an appearance and request for all notices on behalf of Wells Fargo. See attached Exhibit C is a true and correct copy of the filing.

**ANSWER: Rushmore admits only that Exhibit C speaks for itself. To the extent that the allegations of Paragraph 17 contradict Exhibit C, Rushmore denies those allegations.**

18.     On July 17, 2013, Chris caused to be filed a modified bankruptcy plan which specifically stated under Section G, "[1]. Debtors are surrendering the real property located at 2012 W. Willow Street, #B, Chicago, Illinois to Wells Fargo Bank, N.A., in full satisfaction of its first and second mortgage secured claims." *See* attached Exhibit D is a true and correct copy of the modified plan filed by the Plaintiff.

**ANSWER: Rushmore admits only that Exhibit D speaks for itself. To the extent that the allegations of Paragraph 18 contradict Exhibit D, Rushmore denies those allegations.**

19.     The Plaintiff's modified bankruptcy plan went on to state under Section G, "4. Unsecured claims filed after the claim bar date are hereby disallowed and shall not be paid by the Chapter 13 Trustee." See Exhibit E.

---

[1] Wells Fargo did file a fully secured proof of claim on July 18, 2013.

**ANSWER: Rushmore admits only that Exhibit D speaks for itself. To the extent that the allegations of Paragraph 19 contradict Exhibit D, Rushmore denies those allegations.**

20.    On March 18, 2013, Plaintiff's modified bankruptcy plan was confirmed by the Honorable Eugene R. Wedoff without objection by Wells Fargo.

**ANSWER: Rushmore has insufficient knowledge to admit or deny the allegations of Paragraph 20 and therefore neither admits nor denies the same but demands strict proof thereof.**

21.    On September 16, 2013, the non-governmental claims bar date passed without Wells Fargo filing an unsecured proof of claim.

**ANSWER: Rushmore has insufficient knowledge to admit or deny the allegations of Paragraph 21 and therefore neither admits nor denies the same but demands strict proof thereof.**

22.    On November 19, 2014, Chris was granted a discharge of the subject consumer debt under 11 U.S.C. §1328 extinguishing his personal liability. See attached Exhibit E is a true and correct copy of the order of discharge.

**ANSWER: Rushmore admits only that Exhibit E speaks for itself. To the extent that the allegations of Paragraph 22 contradict Exhibit E, Rushmore denies those allegations.**

23.    On November 20, 2014, the BNC sent notice to Wells Fargo of Plaintiff's bankruptcy discharge to an electronic address filed with the Bankruptcy Court where they specifically designated to receive such notices. See attached Exhibit F is a true and correct copy of the notice of discharge sent by the BNC.

**ANSWER: Rushmore admits only that Exhibit F speaks for itself. To the extent that the allegations of Paragraph 23 contradict Exhibit F, Rushmore denies those allegations.**

24.    Upon information and belief, Defendant obtained servicing rights on the subject consumer debt after Plaintiff was in default and discharged from bankruptcy.

**ANSWER: Denied as untrue. [The docs seem to show that the loan was received in February 2014 – after the default but before the discharge]**

25.    Since taking over servicing, Defendant has relentlessly automatically dialed Plaintiff with collection calls attempting to collect on the subject consumer debt.

**ANSWER: Denied as untrue.**

26.    Plaintiff approximates that he has received over 50 collection calls to his cellular telephone since his bankruptcy was discharged.

**ANSWER: Rushmore has insufficient knowledge to admit or deny the allegations of Paragraph 26 and therefore neither admits nor denies the same but demands strict proof thereof.**

27. On one collection call, Plaintiff informed Defendant that he had filed bankruptcy and that his liability on the subject consumer debt was discharged. Despite this disclosure, Defendant informed Plaintiff that he still owed the subject consumer debt.

**ANSWER: Rushmore has insufficient knowledge to admit or deny the allegations of Paragraph 27 and therefore neither admits nor denies the same but demands strict proof thereof.**

28. Most recently Defendant placed a collection call to Plaintiff on June 22, 2015 from telephone number 1-888-504-7200.

**ANSWER: Rushmore has insufficient knowledge to admit or deny the allegations of Paragraph 27 and therefore neither admits nor denies the same but demands strict proof thereof.**

29. Upon information and belief, Defendant made all collection calls with actual knowledge of Plaintiff s bankruptcy and subsequent discharge.

**ANSWER: Denied as untrue.**

30.     Concerned about the violations of his rights and protections afforded by virtue of his Chapter 13 discharge, Chris sought the assistance of counsel to ensure that Defendant's actions were addressed.

**ANSWER: Rushmore has insufficient knowledge to admit or deny the allegations of Paragraph 30 and therefore neither admits nor denies the same but demands strict proof thereof.**

31.     Chris has expended a great deal of time and incurred costs consulting with his attorneys as a result of Defendant's illegal collection actions.

**ANSWER: Denied as untrue.**

32.     Chris was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect on the subject consumer debt.

**ANSWER: Denied as untrue.**

33.     Chis has suffered emotional distress, anxiety and mental anguish by Defendant's unlawful attempts to collect the subject consumer debt as he was led to believe his bankruptcy had no legal effect.

**ANSWER: Denied as untrue.**

## COUNT I — VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

34.     Plaintiff repeats and realleges paragraphs 1 through 33 as though fully set forth herein.

**ANSWER**: Rushmore repeats and realleges its responses to paragraphs 1 through 33 as though fully set forth herein.

35.     Defendant violated 15 U.S.C. §§1692c(a)(2), e, e(2), e(10), f, and f(1) through its debt collection efforts.

**ANSWER**: Denied as untrue.

36.     Defendant violated 15 U.S.C. §1692c(a)(2) when it directly contacted Plaintiff with collection calls despite having knowledge that he was represented by counsel. Defendant took over the servicing rights on the subject consumer debt from Wells Fargo, who was an active participant in Plaintiff s bankruptcy. On its website, Defendant states that when it takes over servicing from another company they do so while honoring the prior terms.[2]

**ANSWER**: Denied as untrue. Further answering, Rushmore states that its website specifically states: "Generally, the terms of your loan will not change as a result of a transfer of servicing. Rushmore will honor the terms of your loan that were in place with your prior servicer, including any existing repayment plan or loan modification to which you agreed with your prior servicer." Plaintiff has not alleged that he agreed to a repayment plan or loan modification with his prior servicer.

---

[2] http://www.rushmorelm.com/index.php/frequently-asked-questions/.

37. Plaintiff also provided Defendant with actual knowledge of his bankruptcy during one of the collection calls. Defendant knew that Plaintiff had filed bankruptcy and was represented by counsel regarding the subject consumer debt.

**ANSWER: Rushmore has insufficient knowledge to admit or deny the allegations of Paragraph 37 and therefore neither admits nor denies the same but demands strict proof thereof.**

38. Defendant violated 15 U.S.C. §§1692e and e(2) when it misrepresented the character, amount, or legal status of the subject consumer debt. The subject consumer debt was not owed or collectable at the time Defendant made a demand for payment from Plaintiff. Defendant lost the ability to seek a personal deficiency from Chris when his Chapter 13 bankruptcy plan was confirmed and he was subsequently discharged.

**ANSWER: Denied as untrue.**

39. Because the subject consumer debt was discharged in Plaintiff s bankruptcy, Defendant had no valid reason or legal ability to contact Chris. Plaintiff clearly stated his intentions regarding the subject real estate within his confirmed bankruptcy plan.

**ANSWER: Denied as untrue.**

14

40.     Similarly, Defendant violated 15 U.S.C. §1692e(10) when it falsely asserted that the subject consumer debt was owed when the numerous demands for payment were made. The subject consumer debt was not owed by virtue of Plaintiff s bankruptcy discharge and Defendant had knowledge of the bankruptcy.

**ANSWER: Denied as untrue.**

41.     Defendant violated 15 U.S.C. §1692f and f(1) by employing unfair and unconscionable means to collect the subject consumer debt as Plaintiff's obligation to Defendant was discharged in his bankruptcy. Defendants unfairly and unlawfully used numerous collection calls to contact Plaintiff with the hope of coercing him into paying a debt which he had no legal obligation to pay. Defendant unfairly used its collection efforts as an attempt to beguile Plaintiff into making a payment and mislead him about the effect of his bankruptcy. It is inherently unfair and deceptive for Defendant, armed with actual knowledge of their inability to collect, to seek payment of discharged debt.

**ANSWER: Denied as untrue.**

42.     Chris, as an unsophisticated consumer, was falsely lead into believing he owed the subject consumer debt when he received numerous collection calls from Defendant.

**ANSWER: Rushmore has insufficient knowledge to admit or deny the allegations of Paragraph 42 and therefore neither admits nor denies the same**

but demands strict proof thereof. Answering further, Rushmore denies it "falsely led" Plaintiff into any untrue belief.

43. Given that the subject consumer debt was duly scheduled in Plaintiff's bankruptcy and subsequently discharged, Defendant had no legal right to attempt to collect.

**ANSWER: Paragraph 43 states a legal conclusion to which no response is required. To the extent a response is required, Rushmore denies as untrue.**

As pled in paragraphs 31 to 33, Chris has suffered damages as a result of Defendant's unlawful actions.

**ANSWER: Denied as untrue.**

## COUNT II --VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

44. Plaintiff restates and realleges paragraphs 1 through 44 as though fully set forth herein.

**ANSWER: Rushmore repeats and realleges its responses to paragraphs 1 through 44 as though fully set forth herein.**

45. The Telephone Consumer Protection Act ("TCPA") prohibits calling persons on their phone using an automatic telephone dialing system ("ATDS"). 47 U.S.C. §227(b)(1)(iii). The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

**ANSWER: Paragraph 46 states a legal conclusion to which no response is required. To the extent a response is required, Rushmore denies any liability to Plaintiff under the TCPA.**

46.     Defendant violated the TCPA by placing phone calls to Plaintiff s phone using an ATDS without his consent. Any consent that Plaintiff may have given Wells Fargo would have been revoked by his bankruptcy filing and resulting discharge.

**ANSWER: Denied as untrue.**

47.     Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violation of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**ANSWER:     Denied as untrue.**

## COUNT IH --VIOLATIONS OF THE ILLINOIS
## CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

48.     Chris restates and realleges paragraphs 1 through 48 as though fully set forth herein.

**ANSWER: Rushmore repeats and realleges its responses to paragraphs 1 through 49 as though fully set forth herein.**

49.  Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its attempt to collect a discharged or otherwise extinguished debt from Plaintiff.

**ANSWER: Denied as untrue.**

50.  The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

**ANSWER: Paragraph 51 states a legal conclusion to which no response is required. To the extent a response is required, Rushmore denies any liability to Plaintiff under the ICFA.**

51.  Chris is a consumer as defined by ICFA, 815 ILCS 505/1(e).

**ANSWER: Paragraph 52 states a legal conclusion to which no response is required. To the extent a response is required, Rushmore denies any liability to Plaintiff under the ICFA.**

52.  Defendant's attempts to collect on the subject consumer debt are part of the conduct of any trade or commerce as defined by ICFA, 815 ILCS 505/1(f).

**ANSWER: Paragraph 53 states a legal conclusion to which no response is required. To the extent a response is required, Rushmore denies any liability to Plaintiff under the ICFA.**

53.     Defendant's repeated collection calls to Plaintiff seeking payment of debt that was not collectable because it was discharged in bankruptcy represents the use of deception, fraud and false pretense in an attempt to collect a debt.

**ANSWER: Denied as untrue.**

54.     Defendant had actual knowledge of Plaintiff's bankruptcy and discharge. It is inherently deceptive, unfair and oppressive for Defendant to seek payment on debt that was uncollectable and discharged in bankruptcy.

**ANSWER: Denied as untrue.**

55.     Defendant intended that Chris rely on its misrepresentations to that the subject consumer debt was still due and owing in order to secure payment.

**ANSWER: Denied as untrue.**

56.     ICFA was designed to protect consumers, such as Chris, from the exact behavior committed by Defendant.

**ANSWER: Paragraph 57 states a legal conclusion to which no response is required. To the extent a response is required, Rushmore denies any liability to Plaintiff under the ICFA.**

57.     ICFA further states:

Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper. 815 ILCS. 505/10a.

**ANSWER: Paragraph 58 states a legal conclusion to which no response is required. To the extent a response is required, Rushmore denies any liability to Plaintiff under the ICFA.**

58.    As pled in paragraphs 31 to 33, Chris has suffered damages as a result of Defendant's unlawful collection practices.

**ANSWER: Denied as untrue.**

59.    As such, Chris is entitled to relief pursuant to 815 ILCS 505/10a.

**ANSWER:    Denied as untrue.**


October 1, 2015                *Respectfully submitted,*

DICKINSON WRIGHT PLLC

By:   */s/Amy Sabbota Gottlieb*
Amy Sabbota Gottlieb ARDC #6270542
DICKINSON WRIGHT PLLC
Attorney for Defendant
2600 West Big Beaver Rd. Suite 300
Troy, MI 48084
(248) 433-7286
agottlieb@dickinsonwright.com

## <u>AFFIRMATIVE DEFENSES</u>

Without shifting or reducing Plaintiff's burden of proof as to each element of his claims against Rushmore, Rushmore asserts the following defenses in response to the claims raised against it.

1.     The Complaint fails to state a claim upon which relief may be granted and/or fails to plead sufficient facts to support the claims and conclusions alleged in the Complaint.

3.     Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

4.     Plaintiff's claims are barred in whole or in part by the doctrine of laches.

5.     Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

6.     Plaintiff's claims are barred by 15 U.S.C. §1692k(c).

7.     If Rushmore violated the FDCPA, which Rushmore denies, the violation was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid such error.

8.     Plaintiff consented to receive calls on his cellular telephone by providing his cellular telephone number to his creditor and failed to communicate to Rushmore that he vacated the subject property.  Therefore, Plaintiff failed to

effectively revoke consent for creditors to contact him via cellphone and Rushmore did not violate the TCPA.

9.      None of the calls made by Rushmore to Plaintiff were made using equipment which had the requisite capacity to act as an ATDS as defined by the TCPA.

10.     Plaintiff fails to plead any pecuniary loss as required by the ICFA.

11.     Rushmore has a valid legal right to contact Plaintiff to determine the status of its lien against collateral.

Rushmore reserves the right to raise additional affirmative and other defenses as they become known during the course of investigation and/or discovery.

October 1, 2015

*Respectfully submitted,*

DICKINSON WRIGHT PLLC

By:  */s/Amy Sabbota Gottlieb*
Amy Sabbota Gottlieb ARDC #6270542
DICKINSON WRIGHT PLLC
Attorney for Defendant
2600 West Big Beaver Rd. Suite 300
Troy, MI  48084
(248) 433-7286
agottlieb@dickinsonwright.com

ANNARBOR 61110-8 199640v2